UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD MOREHOUSE<br><br>       Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY<br><br>       Defendant. | Civil Action No. 1:02 CV 1767<br><br>Hon. John M. Manos<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Ford Motor Company ("Ford") admits, denies, and states as follows:

**INTRODUCTION**

1. Denies each and every allegation in Paragraph 1 of the Complaint, except admits that plaintiffs purport to bring this action as a class action as described in Paragraph 1 of the Complaint. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

2. Denies each and every allegation in Paragraph 2 of the Complaint except admits that Ford assembles vehicles (including the Crown Victoria vehicle) from component parts which are, in whole or in part, designed and manufactured by others; admits Ford performs tests on vehicles it assembles, and admits that Ford distributes vehicles to independent authorized

dealers, who in turn sell them to customers nationwide.  Denies specifically that Ford sells any vehicles (including the Crown Victoria vehicle) directly to consumers.

3. Denies each and every allegation in Paragraph 3 of the Complaint.

4. Denies each and every allegation in Paragraph 4 of the Complaint.  Specifically denies that the fuel system in the Crown Victoria vehicle is defectively designed.

5. Denies each and every allegation in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. The first sentence of Paragraph 6 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Ford denies each and every allegation in the first sentence of Paragraph 6 of the Complaint and states to the contrary that the Complaint raises a substantial federal question.  Answering further, Ford denies each and every other allegation in Paragraph 6 of the Complaint except 1) states that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's residence; 2) admits that plaintiff purports to seek relief as described in Paragraph 6 of the Complaint and states to the contrary that plaintiffs are not entitled to relief of any sort whatsoever under state or federal law; 3) admits that plaintiff purports to bring this action as a class action as described in Paragraph 6 of the Complaint and states to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise; and 4) admits that Ford is qualified to do, and does, business in Ohio.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Ford denies the allegations of sentence (a) of this paragraph; Ford denies the allegations in sentence (b) because it is without knowledge or information sufficient to form a belief as to the truth of those allegations; and, answering

sentence (c), Ford admits that it does business in this county, and admits that Ford markets new Ford vehicles and issues limited and written warranties for new Ford vehicles, but Ford specifically denies that Ford sells any vehicles (including the Crown Victoria vehicle) directly to consumers. Ford denies any remaining allegations of Paragraph 7 because it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 8 of the Complaint. States to the contrary that the Complaint raises a substantial federal question and states that plaintiff is not entitled to relief under state or federal law.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 9 of the Complaint. States to the contrary that the Complaint raises a substantial federal question and states that plaintiff is not entitled to relief under state or federal law.

## PARTIES

10. Denies each and every allegation in Paragraph 10 of the Complaint, except states that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's residence as set forth in Paragraph 10 of the Complaint.

11. Ford admits the allegations of Paragraph 11.

## FACTUAL ALLEGATIONS

12. Answering Paragraph 12, Ford admits that Ford assembles vehicles (including the Crown Victoria vehicle) from component parts which are, in whole or in part, manufactured by others, and admits that Ford distributes vehicles to independent authorized dealers, who in turn

sell them to customers nationwide. Ford denies the remaining allegations and specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

13. Denies each and every allegation in Paragraph 13 of the Complaint except admits that Ford sold model year 1992 through 2002 Crown Victoria vehicles to independent authorized dealerships. Denies specifically that Ford sells any vehicles (including the Crown Victoria vehicle) directly to consumers.

14. Denies each and every allegation in Paragraph 14 of the Complaint, except admits that the Crown Victoria vehicle has a vertical behind-axle fuel tank.

15. Denies each and every allegation in Paragraph 15 of the Complaint, except admits that, from time to time, Ford collects field data on the performance of its vehicles.

16. Denies each and every allegation in Paragraph 16 of the Complaint, except admits that publicly-available fire statistics may have been compiled and discussed with various persons within Ford.

17. Denies each and every allegation in Paragraph 17 of the Complaint, except states that jury verdicts speak for themselves.

18. Denies each and every allegation in Paragraph 18 of the Complaint, except admits that the fuel tank in the Ford Taurus and certain other vehicles is forward of the rear axle.

19. Denies each and every allegation in Paragraph 19 of the Complaint.

20. Denies each and every allegation in Paragraph 20 of the Complaint, except admits that fuel tank shields are installed in vehicles when crash testing indicates their use is warranted.

21. Denies each and every allegation in Paragraph 21 of the Complaint, except admits that Ford has conducted certain tests and evaluated certain devices. Ford also admits that certain

Ford vehicles, including the 1995 and 2000 Mustang Cobra R vehicle, are equipped with fuel tank shields.

22. Denies each and every allegation in Paragraph 22 of the Complaint, except admits that, as part of its design and development process for fuel system integrity, Ford conducted car-to-car crash tests, among others, at up to 50 mph, for all of its cars including the Ford Crown Victoria.

23. Denies each and every allegation in Paragraph 23 of the Complaint, except admits that various puncture sources were observed during some of the more than 50 developmental crash tests conducted by Ford.

24. Denies each and every allegation in Paragraph 24 of the Complaint, except admits that Ford introduced Watts linkages, among other changes, in certain 1998 model year vehicles.

25. Denies each and every allegation in Paragraph 25 of the Complaint.

26. Denies each and every allegation in Paragraph 26 of the Complaint. Specifically denies that fuel tank punctures can be eliminated simply through the use of a fuel tank shield.

27. Denies each and every allegation in Paragraph 27 of the Complaint, except admits that the Florida Highway Patrol provided Ford with a copy of its Rear End Collision Study, and that the Rear End Collision Study speaks for itself.

28. Denies each and every allegation in the first[1] Paragraph 28 of the Complaint, including subparts a through e, except admits that it issued Technical Service Bulletin 01-24-14 in October 2001, the terms of which speak for themselves.

28.[sic] Denies each and every allegation in the second Paragraph 28 of the Complaint, except admits that Ford notified the National Highway Traffic Safety Administration of the issuance of TSB 01-21-14.

5

29. Denies each and every allegation in Paragraph 29 of the Complaint, except admits that Ford has made public statements that reflect its position that the Crown Victoria vehicle is not defective and that the contents of those statements speak for themselves. States that any implications drawn from any information disseminated by Ford are individual conclusions reached by each individual recipient of that information.

30. Denies each and every allegation in Paragraph 30 of the Complaint, including subparts a and b, except states that the contents of Technical Service Bulletin 01-21-14 speak for themselves.

31. Denies each and every allegation in Paragraph 31 of the Complaint.

## CLASS ACTION ALLEGATIONS

32. Denies each and every allegation in Paragraph 32 of the Complaint, except admits that plaintiff purports to bring this action as a class action as described in Paragraph 32 of the Complaint. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise. Further states that the last sentence of Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ford denies each and every allegation in the last sentence of Paragraph 32 of the Complaint.

33. Denies each and every allegation in Paragraph 33 of the Complaint, except admits that plaintiff purports to bring this action on behalf of a class as defined in Paragraph 33 of the Complaint. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

34. Denies each and every allegation in Paragraph 34 of the Complaint, except admits that plaintiff purports to bring this action on behalf of a class as defined in Paragraph 34 of the

---

[1] Plaintiff's Complaint contains two paragraphs numbered "28".

6

Complaint. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

35. Admits that plaintiff purports to exclude from this putative class action those persons and entities described in Paragraph 35 of the Complaint. States to the contrary that, because this action may not be maintained as a class action on behalf of the purported class or otherwise, everyone but the named plaintiff is excluded from this action.

36. Denies each and every allegation in Paragraph 36 of the Complaint. States to the contrary that, because this action may not be maintained as a class action on behalf of the purported class or otherwise, there is no class so numerous that joinder of all the putative class members is impracticable. Further states to the contrary that class treatment of plaintiff's claims will not confer any benefit, substantial or otherwise, on the Court or the parties.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 37 of the Complaint. States to the contrary that plaintiff's claims, to the extent any claims exist, are not "typical" of any claims possessed by other members of the putative class and that the request for class action treatment should be denied.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent that a response is required, Ford denies each and every allegation in Paragraph 38 of the Complaint. States to the contrary that individual questions of law and fact predominate over any common questions and that class treatment should be denied.

39. Denies each and every allegation in Paragraph 39 of the Complaint, including its subparts a. through h.. States to the contrary that individual questions of law and fact

7

predominate over any common questions and that class action treatment should be denied. Specifically denies that Crown Victoria vehicles are defective.

42. Denies each and every allegation in Paragraph 42[2] of the Complaint, except states that Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding (1) the plaintiffs' ability to fairly and adequately represent and protect the interests of the putative class; (2) plaintiffs' counsel's experience and competence in the prosecution of consumer class actions; (3) plaintiff's or plaintiff's counsel's vigor or financial resources; (4) whether plaintiff or his counsel have any interests that are adverse to the interests of the putative class members.

43. Ford denies each and every allegation in Paragraph 43 of the Complaint.

44. Denies each and every allegation in Paragraph 44 of the Complaint. States to the contrary that class treatment of plaintiff's claims will not confer any benefit, substantial or otherwise, on the Court or the parties.

## [ALLEGED] TOLLING OF APPLICABLE STATUTES OF LIMITATION

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 45. Specifically denies that the Crown Victoria vehicle is defective.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 46. Specifically denies that anything pertaining to Explorers is at issue in this litigation.

---

[2] Plaintiff's Complaint contains no paragraph 40 or paragraph 41.

8

## COUNT ONE
## NEGLIGENCE

47. Denies each and every allegation in Paragraph 47 of the Complaint and incorporates by reference Ford's answers to Paragraphs 1-46 of the Complaint.

48. Paragraph 48 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 49 of the Complaint, including subparts a through f.

50. Paragraph 50 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 50 of the Complaint. Specifically denies that plaintiff or any purported class member is entitled to any relief whatsoever.

## COUNT TWO
## BREACH OF CONTRACT

51. Denies each and every allegation in Paragraph 51 of the Complaint and incorporates by reference Ford's answers to Paragraphs 1-50 of the Complaint.

52. Paragraph 52 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 52 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

53. Ford denies each and every allegation in Paragraph 53 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

54. Ford denies each and every allegation in Paragraph 54 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

55. Ford denies each and every allegation in Paragraph 55 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers. Further specifically denies that plaintiff or any purported class member is entitled to any relief whatsoever.

## COUNT THREE
## UNJUST ENRICHMENT

56. Denies each and every allegation in Paragraph 56 f the Complaint and incorporates by reference Ford's answers to Paragraphs 1-55of the Complaint.

57. Ford denies each and every allegation in Paragraph 57 of the Complaint. Specifically denies that the Crown Victoria vehicle is dangerous or defective.

58. Ford denies each and every allegation in Paragraph 58 of the Complaint.

59. Ford denies each and every allegation in Paragraph 59 of the Complaint. Specifically denies that plaintiff or any purported class member is entitled to any relief whatsoever.

## COUNT FOUR
## BREACH OF EXPRESS WARRANTY

60. Denies each and every allegation in Paragraph 60 of the Complaint and incorporates by reference Ford's answers to Paragraphs 1-59 of the Complaint.

61. Paragraph 61 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ford admits that when an authorized Ford dealer sells a new Ford vehicle, that new Ford vehicle is accompanied by a limited and written warranty, the terms of which speak for themselves. Ford denies any remaining allegations in Paragraph 61 of the Complaint.

62. Ford denies each and every allegation in Paragraph 62 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

63. Ford denies each and every allegation in Paragraph 63 of the Complaint. Specifically denies that plaintiff or any purported class member is entitled to any relief whatsoever.

## COUNT FIVE
## BREACH OF IMPLIED WARRANTY

64. Denies each and every allegation in Paragraph 64 of the Complaint and incorporates by reference Ford's answers to Paragraphs 1-63 of the Complaint.

65. Paragraph 65 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Ford denies each and every allegation in Paragraph 65 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

66. Ford denies each and every allegation in Paragraph 66 of the Complaint. Specifically denies that the Crown Victoria vehicle has any inherent design defect.

67. Ford denies each and every allegation in Paragraph 67 of the Complaint.

68. Ford denies each and every allegation in Paragraph 68 of the Complaint. Specifically denies that plaintiff or any purported class member is entitled to any relief whatsoever.

## COUNT FIVE [sic][3]
## FRAUD

69. Denies each and every allegation in Paragraph 69 of the Complaint and incorporates by reference Ford's answers to Paragraphs 1-68 of the Complaint.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Ford denies each and every allegation in

---

[3] Plaintiff's Complaint contains two "Count Five"s. The first purports to allege a cause of action for breach of implied warranty; the second, a cause of action for fraud.

11

Paragraph 70 of the Complaint. Specifically denies that the Crown Victoria's fuel system is defective.

71. Ford denies each and every allegation in Paragraph 71 of the Complaint.

72. Ford denies each and every allegation in Paragraph 72 of the Complaint.

73. Ford denies each and every allegation in Paragraph 73 of the Complaint.

74. Ford denies each and every allegation in Paragraph 74 of the Complaint.

75. Ford denies each and every allegation in Paragraph 75 of the Complaint. Specifically denies that the Crown Victoria vehicle has any inherent design defect.

76. Ford denies each and every allegation in Paragraph 76 of the Complaint. Specifically denies that the Crown Victoria vehicle has any design defect.

77. Ford denies each and every allegation in Paragraph 77 of the Complaint. Specifically denies that plaintiff or any purported class member is entitled to any relief whatsoever.

## COUNT SIX
## CONVERSION

78. Denies each and every allegation in Paragraph 78 of the Complaint and incorporates by reference Ford's answers to Paragraphs 1-77 of the Complaint.

79. Ford denies each and every allegation in Paragraph 79 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

80. Ford denies each and every allegation in Paragraph 80 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

81. Ford denies each and every allegation in Paragraph 81 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

82. Ford denies each and every allegation in Paragraph 82 of the Complaint. Specifically denies that Ford sells any vehicles (including Crown Victoria vehicles) directly to consumers.

Specifically denies that plaintiff or any purported class member is entitled to any relief whatsoever.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Ford further denies each and every allegation in the Complaint not heretofore specifically admitted, including those portions of the Complaint requesting relief. Ford specifically denies that this action may be maintained as a class action on behalf of any proposed class. Ford specifically denies that plaintiff or anyone else claiming to be a member of the purported class is entitled to restitution and/or disgorgement or any other equitable relief, compensatory damages, punitive damages, interest (pre- or post-judgment), declaratory relief, attorney fees (statutory or otherwise), litigation expenses, or to any other relief of any kind whatsoever. Ford further requests that the Complaint be dismissed with prejudice and that defendant be awarded its costs and such other relief as the court deems proper.

## **ADDITIONAL DEFENSES**

1.  The Complaint fails to state a claim against defendant Ford Motor Company ("Ford") upon which relief can be granted.

2.  The Complaint fails to state a claim for fraud with the requisite particularity.

3.  Plaintiff and others claimed to be members of the purported class who experienced no manifestation of the alleged defect have no claim against defendant upon which relief may be granted.

4.  Plaintiff and others claimed to be members of the purported class who experienced no manifestation of the alleged defect within the limited written and implied warranty period have no claim against defendant upon which relief can be granted.

13

5. Plaintiff and others claimed to be members of the purported class who did not comply with operation and maintenance requirements and with all other conditions precedent to receiving service under the limited written warranty on their vehicles are barred from recovery.

6. Plaintiff and others claimed to be members of the purported class who failed to present their vehicles to an authorized Ford dealer for repair of the alleged defects within the written warranty period, the duration of which is reasonable and legal, have no claim against defendant upon which relief can be granted.

7. Plaintiff and others claimed to be members of the purported class lack vertical privity with Ford and therefore cannot state a claim for breach of implied warranty under the laws of various states.

8. Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery to the extent that they have failed to give timely and sufficient notice of breach or of other non-compliance, as is required by relevant statutes, customs, or legal principles.

9. Plaintiff and others claimed to be members of the purported class did not enter into any contract with Ford and therefore cannot state a claim for breach of contract or conversion.

10. The claims of plaintiff and other claimed to be members of the purported class may be preempted, in whole or in part, by federal law.

11. Plaintiff's claims to a class action should be denied because variations from vehicle to vehicle and year to year among the vehicles complained of preclude the introduction of classwide proof as to the alleged defect or failure mode.

12. Plaintiff's claims to a class action should be denied because variations from vehicle to vehicle and year to year among the vehicles complained of with respect to Ford's advertisements preclude the introduction of class-wide proof as to Ford's representations.

13. Plaintiff's claims to a class action should be denied because the claim of each named plaintiff or absentee based on an incident of alleged defect manifestation is that of an individual for a separate alleged incident, unique and without a cognizable class.

14. Plaintiff's claim to a class action should be denied because the laws of different states vary with regard to implied warranty actions, and no nationwide class can be established to apply the law of any single state.

15. The vehicles of plaintiff and others claimed to be members of the purported class complied with state-of-the art technology at the time of manufacture and at the time of original retail sale.

16. To the extent that plaintiff seeks punitive damages, without qualification or limitation, this claim violates defendant's right to due process under the United States Constitution and comparable provisions of the Ohio Constitution.

17. Imposition of punitive damages against Ford in this case would contravene the Commerce Clause of the United States Constitution in that such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

18. Plaintiff's Crown Victoria and the vehicles of other individual members of the purported class are not in the same condition as when the vehicles left Ford.

19. Ford reserves the right to assert any and all additional defenses against the named plaintiff as its investigation and discovery continues.

20. Ford reserves the right to assert any and all additional defenses, in the event this action is certified as a class action, against all other individual class members.

**WHEREFORE**, Defendant prays that the Court determine and adjudge:

    (a)    that this suit cannot be maintained as a class action;

    (b)    that the Complaint be dismissed on the merits;

    (c)    that Plaintiff take nothing by the Complaint;

    (d)    that Ford be awarded its costs, disbursements and attorneys' fees and expenses incurred herein; and

    (e)    that Ford be awarded such other and further relief as the Court may deem proper.

Date: September 13, 2002        /s/ Laura Bancroft Nemer
                                                  Elizabeth B. Wright (0018456)
                                                 Laura Bancroft Nemer (0071650)
                                                 THOMPSON HINE LLP
                                                 3900 Key Center
                                                 127 Public Square
                                                 Cleveland, OH  44114-1291
                                                 (216) 566-5500
                                                 (216) 566-5800 fax
                                                 Elizabeth.Wright@ThompsonHine.com
                                                 Laura.Nemer@ThompsonHine.com
                                                 ATTORNEYS FOR DEFENDANT
                                                 FORD MOTOR COMPANY

OF COUNSEL

John H. Beisner
Brian C. Anderson
Teresa E. Dawson
O'MELVENY & MYERS LLP
555 13th Street, NW
Suite 500 West
Washington, D.C.  20004
(202) 383-5300
(202) 383-5414

## *CERTIFICATE OF SERVICE*

A copy of the foregoing Defendant Ford Motor Company's Answer to Plaintiff's Class Action Complaint was filed electronically on this 13th day of September, 2002.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<table>
<tr><td>R. Eric Kennedy<br>Weisman, Goldberg & Weisman<br> Co.. L.P.A.<br>1600 Midland Building<br>Landmark Office Towers<br>Cleveland, OH  44115</td><td>Don Barrett<br>Charles F. Barrett<br>Barrett Law Office, P.A.<br>404 Court Square North<br>P.O. Box 987<br>Lexington, MS  39095</td></tr>
</table>

/s/ Laura Bancroft Nemer
Attorney for Defendant
Ford Motor Company