A CERTIFIED TRUE COPY

OCT 18 2002

ATTEST
FOR THE JUDICIAL PANEL Or
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 18 2002

FILED
CLERK'S OFFICE

02 OCT 21 AM 11:44

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1488*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE FORD MOTOR CO. CROWN VICTORIA POLICE INTERCEPTOR PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] MOREY L. SEAR,[*] BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation presently consists of six actions: two actions in the Eastern District of Pennsylvania; and one action each in the Western District of Arkansas, the District of New Jersey, the Northern District of Ohio, and the Southern District of Texas.[1] Before the Panel is a motion, as amended, by defendant Ford Motor Company (Ford) and its dealers[2] to centralize these actions, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in any federal district in which a constituent action is pending. The Ohio plaintiff supports the motion and suggests centralization in the Northern District of Ohio. The New Jersey, Pennsylvania and Texas plaintiffs oppose centralization and/or ask the Panel to defer its Section 1407 ruling in order to permit the transferor courts to rule on pending motions to remand these actions to their respective state courts. If the Panel deems centralization appropriate, these parties suggest selection of the district in which their respective action is pending as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern

---

[*] Judges Keenan and Sear took no part in the decision of this matter.

[1] The Ohio action now before the Panel was not included in the Section 1407 motion in this docket, but is now included in this litigation, because all parties to this action have stated in writing their respective positions and presented oral argument at the Panel's September 26, 2002, hearing session.

The Panel has been notified that fifteen potentially related actions have been filed as follows: three actions in the Northern District of Ohio; two actions each in the Northern District of Florida, the Eastern District of Louisiana, and the Southern District of Mississippi; and one action each in the Northern District of Alabama, the Eastern District of Arkansas, the Western District of Arkansas, the Southern District of Illinois, the Western District of Louisiana, and the Western District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Warnock Ford, Inc.; Charlie Thomas' Courtesy Ford, Inc., f/k/a Courtesy Ford Motors, Inc., d/b/a Padre Ford-Mazda; Tradewinds Ford Sales, Inc., f/k/a Crosstown Ford Sales; Bob Lacy Ford, Inc.; and Central Ford Center, Inc., d/b/a Landers Ford.

- 2 -

District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions focus on allegations that the vertical-behind-axle fuel tanks in 1992-2002 Ford Crown Victoria police interceptor vehicles result in an increased risk of injury or death from fuel fed fires, if the vehicles are involved in high-speed rear-end collisions. In addition, all actions are brought by counties, municipalities and other political divisions within each state on behalf of nationwide, statewide or other purported classes which seek damages or other relief based upon economic injury arising from this alleged defect. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (such as those regarding class certification), and conserve the resources of the parties, their counsel and the judiciary. We note that any pending motions to remand these actions to their respective state courts can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the focal point for this docket. In selecting the Northern District of Ohio as the transferee district in this docket, we note that i) an action is pending there, and ii) this district has the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Donald C. Nugent for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1488 -- In re Ford Motor Co. Crown Victoria Police Interceptor Products Liability Litigation</u>

    <u>Western District of Arkansas</u>

*City of Malvern, Arkansas, et al. v. Ford Motor Co., Inc., et al.*, C.A. No. 6:02-6148

    <u>District of New Jersey</u>

*City of New Brunswick, et al. v. Ford Motor Co., et al.*, C.A. No. 2:02-3275

    <u>Northern District of Ohio</u>

*The City of Cleveland v. Ford Motor Co.*, C.A. No. 1:02-1692

    <u>Eastern District of Pennsylvania</u>

*Montgomery Township, et al. v. Ford Motor Co.*, C.A. No. 2:02-4710
*Montgomery Township, et al. v. Ford Motor Co.*, C.A. No. 2:02-5815

    <u>Southern District of Texas</u>

*Nueces County, Texas v. Ford Motor Co., et al.*, C.A. No. 2:02-297